JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANINE VAN VLEET,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>SOUTHWEST ANSWERING SERVICE, INC., et al.,<br><br>　　　Defendants. | 2:24-cv-06932-DSF-KS<br><br>Order GRANTING Van Vleet's Motion to Remand (Dkt. 9) |

　　Plaintiff Janine Van Vleet moves for remand. Dkt. 9 (Mot.). Defendant Southwest Answering Service, Inc. (SAS) opposes. Dkt. 11 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is GRANTED.

## I. BACKGROUND

　　On July 8, 2024, Van Vleet filed this putative class action in California Superior Court, County of Los Angeles. Dkt. 1-1. Van Vleet brings claims against SAS for (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest breaks; (5) failure to reimburse business expenses; (6) failure to pay vested vacation; (7) failure to timely pay final wages; (8) failure to provide accurate itemized wage statements; and (9) unfair and unlawful competition. Id.

On August 15, 2024, SAS removed this action based on diversity jurisdiction. Dkt. 1 (NOR) ¶ 7. Van Vleet is a citizen of California, and SAS is both incorporated in and has its principal place of business in Nevada. Id. ¶ 11. SAS alleges that "it is evident that this case exceeds the jurisdictional minimum." Id. ¶ 17.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. §§ 1332, 1441.

## III. DISCUSSION

### A. Amount in Controversy

Van Vleet does not dispute that the parties are diverse but argues that SAS has failed to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. Mot. at 1-2. Van Vleet makes both a facial challenge and a factual challenge to SAS's removal. Id. at 2.

The Court agrees with SAS that its notice of removal satisfies the pleading requirement stated in 28 U.S.C. Section 1446(a). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount

2

is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

SAS estimates that the amount in controversy—not including attorneys' fees—is $19,169.55 based on Van Vleet's statutory claims. Opp'n at 18-19. Therefore, whether the amount in controversy exceeds $75,000 depends on the calculation of attorneys' fees.

### 1. Attorneys' Fees

The parties dispute whether "attorneys' fees in a putative California wage-and-hour class action must be disaggregated for the amount-in-controversy analysis." Opp'n at 9. Van Vleet argues that the amount in controversy calculation may include only the pro-rata share of attorneys' fees attributable to Van Vleet from the total amount of attorneys' fees recovered by the class. Mot. at 14. The Court agrees.

Where attorneys' fees statutes award fees to prevailing or successful plaintiffs, the "attorneys' fees are not awarded solely to the named plaintiffs in a class action, and . . . therefore cannot be allocated solely to those plaintiffs for purposes of amount in controversy." Gibson v. Chrysler Corp., 261 F.3d 927, 942 (9th Cir. 2001), holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005); see also Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001). In both Gibson and Kanter, the Ninth Circuit reasoned that because the attorneys' fees statute at issue did not limit the award of attorneys' fees to only the named plaintiff, attorneys' fees awarded under that statute must be divided among all class members, including the named plaintiff. See Gibson, 261 F.3d at 942-43 (Cal. Civ. Proc. Code § 1021.5); see also Kanter, 265 F.3d at 858 (Cal. Civ. Code § 1780). In other words, "courts determine the plaintiff's appropriate share of attorneys' fees by distributing the total estimated fees on a pro rata basis amongst the named plaintiff(s) and class members." Jurado v. Aequor Heathcare Servs., LLC, No. 2:21-cv-02633-VAP-ASx, 2021 WL 2178846, at *2 (C.D. Cal. May 27, 2021).

Here, Van Vleet requests attorneys' fees pursuant to various provisions of the Labor Code and California Code of Civil Procedure

3

Section 1021.5. Dkt. 1-1. Because these statutes do not limit attorneys' fees to only the named plaintiff, the Court finds that attorneys' fees in this action must be disaggregated for purposes of the amount in controversy. See Jurado, 2021 WL 2178846, at *2 (finding that neither Code of Civil Procedure Section 1021.5 nor Labor Code Section 1194 "authorizes an award of fees solely to the named plaintiff"); see also Robles v. Roller Bearing Co. of Am., Inc., No. SACV 21-00925-CJC(ADSx), 2021 WL 4261517, at *3-*4 (C.D. Cal. Sept. 20, 2021) (finding Code of Civil Procedure Section 1021.5 and Labor Code Sections 226, 1194, and 2802 do not "support attributing attorneys' fees to Plaintiff alone").

SAS contends that Van Vleet's attorneys' fees "are conservatively estimated to be $71,250." Opp'n at 13. However, as explained above, SAS may not treat this class action as a single-plaintiff case. Instead, for the amount in controversy to exceed $75,000, SAS must prove by a preponderance of the evidence that Van Vleet's pro-rata share of the class's attorneys' fees recovery would be $55,830.46. See dkt. 14 at 2 n.1 ("[$75,000.01 - $19,169.55 = $55,830.46]."). SAS does not provide an estimate of the class size to calculate Van Vleet's pro-rata share of attorneys' fees. Assuming a class size of forty-one—the conservative class size estimate that Van Vleet provides based on communications with SAS's counsel—the total recovery of attorneys' fees would be $2,289,048.86.[1] See dkt. 14-1 (Suppl. Carlson Decl.) ¶ 3. SAS provides no evidence that the class would recover more than $2 million in attorneys' fees.

Alternatively, if the Court divides SAS's estimate of attorneys' fees—$ 71,250—by a class size of forty-one, Van Vleet's pro-rata share would be only $1,737.80, and the amount in controversy would be only 20,907.35. See Arceo v. Ardent Mills, LLC, No. 5:23-cv-01146-AB-E, 2023 WL 5096332, at *4 (C.D. Cal. Aug. 9, 2023) (finding the amount in controversy did not meet the jurisdictional threshold when the court "divide[d] the $55,000 estimated attorneys' fee by 100, and attribute[d]

---

[1] $55,830.46 multiplied by forty-one class members is $2,289,048.86.

that amount—$550—to Plaintiff for purposes of calculating the amount in controversy"). This is far less than the jurisdictional minimum.

The Court finds that SAS has not met its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court therefore lacks subject matter jurisdiction over this action.

### IV. CONCLUSION

The Court grants the motion to remand.

IT IS SO ORDERED.

Date: October 2, 2024

*Dale S. Fischer*

Dale S. Fischer
United States District Judge